IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

IAN MILLER,

            Petitioner,    :    Case No. 1:17-cv-536

  - vs -                            District Judge Susan J. Dlott
                                  Magistrate Judge Michael R. Merz

JEFFREY NOBLE, Warden,
  London Correctional Institution

                                   :

            Respondent.

# ORDER ADOPTING REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Ian Miller, is before the Court for consideration of Petitioner's Objections (ECF No. 14) to the Magistrate Judge's Report and Recommendations which recommended dismissal of the Petition with prejudice ("Report, ECF No. 11).

As required by Fed. R. Civ. P. 72(b) the Court has reviewed *de novo* every part of the Report to which objection has been made. Based on that review, the Court makes the following rulings.

**Ground One: Unconstitutionality of the Felony Murder Rule**

In his First Ground for Relief, Petitioner argues that he was unconstitutionally convicted of murder under the felony murder rule which allowed the State to prove only the *mens rea* element of the underlying felony (felonious assault which requires that the offender have acted knowingly)

1

instead of the *mens rea* – purposely -- required for a straight murder conviction (Traverse, ECF No. 9, PageID 1195).

The First District Court of Appeals decided this claim on the merits on direct appeal. Instead of presenting the same argument in this Court, Petitioner argued in his Traverse that the trial judge should have given jury instructions on the lesser included offenses of voluntary or involuntary manslaughter (Traverse, ECF No. 9, PageID 1194-99). The Magistrate Judge found that this claim was procedurally defaulted because it was not presented on direct appeal (Report, ECF No. 11, PageID 1243-46).

In his Objections, Petitioner argues that his claim in Ground One is not that the trial judge should have given the lesser-included instruction, but that "the Trial Court abused its discretion when it failed to view the evidence to make a determination if a lesser included offense instruction was warranted." (Objections, ECF No. 14, PageID 1263). Petitioner concedes that this claim also was not raised on direct appeal, but asserts that failure is excused by "Appellate Counsel's ignorance or oversight of the [relevant] Ohio Supreme Court rulings[.]" *Id*. at PageID 1264, citing *State v. Franklin*, 97 Ohio St. 3d 1, 2002-Ohio-5034 (2002);State *v. Shane*, 63 Ohio St. 3d 630 (1992); and *State v. Wilkins*, 64 Ohio St. 2d 382 (1980).

In order to rely on ineffective assistance of appellate counsel to excuse failure to present a claim on direct appeal, a habeas petitioner must first present the ineffective assistance of appellate counsel claim to the state courts in the manner those courts have prescribed. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Petitioner concedes that when he filed his Application for Reopening his direct appeal under Ohio R. App. P. 26(B), he did not include this claim. He seeks to excuse that omission by claiming that he reasonably believed the claims he did raise were strong enough that the First District Court of Appeals would appoint him counsel who would then raise

all the issues he has brought to this Court in habeas (Objections, ECF No. 14, PageID 1255-56).

Nothing in the text of Ohio R. App. P. 26(B) or the case law interpreting it would give rise to a reasonable belief that the process would work the way Petitioner supposed it would. Under that Rule, if an appellant presents a genuine issue as to whether he has a colorable claim of ineffective assistance of appellate counsel, then the appeals court reopens the appeal and an attorney is appointed if the appellant is indigent. *State v. Spivey*, 84 Ohio St. 3d 24 (1998). There is nothing in the rule that speaks to having an appointed attorney broaden the 26(B) application or withholding ineffective assistance of appellate counsel claims until that happens.

The First District decided the ineffective assistance of appellate counsel claims Petitioner actually made on the merits and found they were without merit. *State v. Miller*, Case No. C-140101 (1st Dist. Hamilton Jan. 3, 2016) (unreported; copy at State Court Record, ECF No. 4, PageID 122, et seq.) Ohio law does not permit a second 26(B) application to raise claims omitted from the first such application. *State v. Richardson,* 74 Ohio St. 3d 235 (1996). Indeed, "there is no right to file successive applications for reopening" under App. R. 26(B). *State v. Twyford,* 106 Ohio St. 3d 176, 2005-Ohio-4380, ¶ 16 (2005), *quoting State v. Williams,* 99 Ohio St. 3d 179, 2003-Ohio-3079, ¶ 12 Once the issue of ineffective assistance has been raised and adjudicated, *res judicata* bars its relitigation, *State v. Cheren,* 73 Ohio St. 3d 137 (1995), following *State v. Perry*, 10 Ohio St. 2d 175 (1967).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-

94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). The First District decided the merits of Petitioner's actually presented ineffective assistance of appellate counsel claims and its decision is not an objectively unreasonable application of the relevant Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984). Therefore, Petitioner cannot rely on ineffective assistance of appellate counsel to excuse his failure to present his First Ground for Relief to the Ohio courts on direct appeal and Ground One is therefore procedurally defaulted.

**Ground Two: Denial of Equal Protection**

In his Second Ground for Relief, Miller argues his convictions violate the Equal Protection Clause of the Fourteenth Amendment[1] because the felony murder statute and the involuntary manslaughter statute prohibit the same conduct. The First District Decided this claim was without merit because the two criminal statutes in question do not prohibit identical conduct or require identical proof. *State v. Miller*, Case No. C-140101 (1st Dist. Hamilton May 22, 2015) (unreported; copy at State Court Record, ECF No. 4, PageID 81). In his Traverse, Petitioner conceded this was a correct reading of those two statutes, but argued the First District's decision nonetheless violated *Jackson v. Virginia,* 443 U.S. 307 (1979), and *In re Winship*, 397 U.S. 358 (1970).

The Report concluded neither these two cases nor other authority requires a trial judge "to make a reasonable view of the evidence in the light most favorable to the Petitioner" in deciding whether to instruct on a lesser included offense. It also concluded this claim was barred by procedural default to the extent it raised a claim of failure to instruct on the lesser included offense.

The Objections provide no additional authority for the proposition that a trial judge is obliged constitutionally to review the evidence in a light most favorable to a defendant in deciding

4

whether to instruct on a lesser included offense. Thus, the Court finds no error in the Magistrate Judge's recommendation on this Ground for Relief.

**Ground Three: Insufficient Evidence of Felonious Assault**

In his Third Ground for Relief, Miller asserts there was insufficient evidence to convict him of felonious assault. The Magistrate Judge found this Ground procedurally defaulted because it had only been presented to the First District as a manifest weight of the evidence claim, which is not a claim cognizable under the Fourteenth Amendment. (Report, ECF No. 11, PageID 1253). Additionally, Petitioner's claims made under this heading of a Brady violation and admission of other bad acts evidence had never been presented to the state courts and were therefore defaulted. Alternatively, the Magistrate Judge found the claim was without merit because the fact found by the First District on the manifest weight assignment of error were sufficient to support the felonious assault conviction. *Id.*

In his Objections, Petitioner again attempts to excuse his failure to present these issues on appeal as attributable to ineffective assistance of appellate counsel and his failure to submit them as omitted assignments of error in his 26(B) Application on the theory offered as to Ground One (Objections, ECF No. 14, PageID 1269). He then makes arguments on the merits of his *Brady* and other bad acts claims. *Id*. at PageID 1271-72  But this Court cannot decide on the merits claims which have been procedurally defaulted in the state courts.

**Ground Four: Ineffective Assistance of Appellate Counsel**

In his Fourth Ground for Relief, Miller asserts he received ineffective assistance of appellate counsel when his appellate attorney failed to argue his trial attorney provided ineffective assistance for failing to argue that: (1) Miller saw what appeared to be a gun in the victim's hand; and (2) the incident occurred on the Fourth of July "and the simultaneous sound of fireworks also influenced Petitioner's judgment and his reasonable belief that he was being confronted with a firearm." (Petition, ECF No. 1, PageID 10). The Magistrate Judge concluded the First District's rejection of this claim in denying the 26(B) Application was not an unreasonable application of *Strickland*. The Magistrate Judge wrote:

> Miller makes no argument in his Traverse as to why this decision is an unreasonable application of *Strickland*. The Magistrate Judge concludes it was completely reasonable. It would not have helped Miller's cause to have appellate counsel complain of a supposedly omitted argument that was, in fact, not omitted. And the second omitted argument was one that could not have properly been made because Miller did not testify about reacting to fireworks.

(Report, ECF No. 11, PageID 1256). The Report also concluded the other claims Petitioner raised in his Traverse were procedurally defaulted because they had never been presented to the state courts. *Id.* at PageID 1256-58.

In his Objections, Miller attempts to overcome his procedural defaults by asserting ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Again, based on *Edwards, supra,* those claims must first be presented to the state courts before they can be relied on as excusing cause. Miller's 26(B) Application has already been discussed. He never filed a petition for post-conviction relief to show ineffective assistance of trial counsel.

**Conclusion**

Upon de novo review, the Court finds the Report includes no clearly erroneous findings of fact and no errors of law. Accordingly, the Report is ADOPTED and the Petition is ordered dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

　　　　　　　　　　　　　　　　　　____s/Susan J. Dlott_____
　　　　　　　　　　　　　　　　　　Susan J. Dlott
　　　　　　　　　　　　　　　　　　United States District Judge